1

2   Douglas S. Baek (SBN: 258321)
    Krohn & Moss, Ltd.
3   10474 Santa Monica Blvd., Suite 405
    Los Angeles, CA  90025
4   Tel: (323) 988-2400 ext. 244
    Fax: (866) 829-5083
5   dbaek@consumerlawcenter.com
    Attorneys for Plaintiff,
6   JERRY SMITH

7                  **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
8                   **SAN FRANCISCO DIVISION**

9   JERRY SMITH,                          )   **Case No.: 3:12-cv-04622-TEH**
                                          )
10               Plaintiff,               )   **PLAINTIFF'S NOTICE AND MOTION**
          v.                              )   **FOR DEFAULT JUDGMENT**
11                                        )
    SIMM ASSOCIATES, INC.,                )   **Motion Hearing Date:**  April 29, 2013
12                                        )   **Time:**  10:00 A.M.
                 Defendant.               )   **Judge:**  Thelton E. Henderson
13                                        )   **Location:**  450 Golden Gate Avenue,
                                          )   Courtroom 12, San Francisco, CA 94102
14                                        )
                                          )
15

16  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

17       PLEASE TAKE NOTICE that on April 29, 2013 at 10:00 a.m., or as soon thereafter as

18  this matter can be heard before the Honorable Thelton E. Henderson of the United States

19  District Court for the Northern District of California, at 450 Golden Gate Avenue, Courtroom

20  12, San Francisco, CA 94102 Plaintiff, JERRY SMITH ("Plaintiff") will respectfully request

21  this Honorable Court to enter an Order granting Plaintiff's Motion for Default Judgment in the

22  amount of $8,494.50 based on this Notice, the Memorandum of Points and Authorities, the

23  attached exhibits, pleadings and records in this action.  This Motion is based on the attached

24  memorandum of points and authorities, and all files and pleadings in this action.

25  ///

- 1 -

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1    Plaintiff seeks default judgment against Defendant in the amount of eight-thousand four-

2    hundred ninety-four dollars and fifty cents ($8,494.50), representing statutory damages in the

3    amount of two thousand dollars ($2,000.00), one thousand dollars ($1,000.00) pursuant to the

4    Fair Debt Collection Practices Act, 15 U.S.C. § 1692(k)(a)(2)(A), and one thousand dollars

5    ($1,000.00) pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code

6    §1788.30(b), six-thousand one-hundred nine dollars and fifty cents ($6,109.50) in attorneys'

7    fees plus three hundred eighty-five dollars ($385.00) in costs, 15 U.S.C. § 1692(k)(a)(3) and §

8    1788.30(c). *See* Statement of Services attached as Exhibit A and Declaration of Douglas Baek

9    attached as Exhibit B.

10   DATED: March 21, 2013                    RESPECTFULLY SUBMITTED,

11                                            KROHN & MOSS, LTD.

12

13                                      By: /s/ Douglas S. Baek

14                                            Douglas S. Baek
                                              Attorney for Plaintiff
15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1

2

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF' MOTION FOR DEFAULT JUDGMENT</u>

3

**I.      BACKGROUND**

4

Plaintiff filed a Two-Count Complaint against Defendant on September 4, 2012. Count I

5

of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15

6

U.S.C. 1692, *et seq.*, and Count II of Plaintiff's Complaint is based on the Rosenthal Fair Debt

7

Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq*. *See* Doc. No. 1. In his

8

Complaint, Plaintiff alleged: (1) Defendant placed telephone calls to Plaintiff in connection with

9

its attempts to collect a debt; (2) Defendant placed collection calls to Plaintiff's telephone

10

number at XXX-XXX-1673; (3) the alleged debt arose from transactions for personal, family

11

and household purposes; (4) Defendant assigned reference number 6519103 to the alleged debt;

12

(5) when Plaintiff was unable to answer Defendant's calls, Defendant left a voicemail message;

13

(6) in or around March 2012, Defendant called Plaintiff and left a voicemail message for

14

Plaintiff in an attempt to collect the alleged debt; (7) Defendant's representative identified

15

herself as "Ms. Wheeler" and that she was calling from Simm Associates; (8) Defendant also

16

provided a reference number 6519103 and directed Plaintiff to call back at 800-651-9054, a

17

number that belongs to Defendant; (9) Defendant failed to state that it was a debt collector; and

18

(10) Defendant failed to provide Plaintiff with any information that the call was regarding a

19

debt.

20

Defendant was served with the Summons and Plaintiff's Complaint on February 5, 2013.

21

*See* Doc. No. 19. Because Defendant did not respond to Plaintiff's Complaint within the time

22

and in the matter provided by Fed. R. Civ. P. 12, Plaintiff moved this Court for an Entry of

23

Default on March 1, 2013. *See* Doc. No. 20. On March 6, 2013, the Clerk of this Honorable

24

Court entered default against Defendant pursuant to Fed. R. Civ. P 55(a). *See* Doc. 22.

25

///

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Accordingly, Plaintiff seeks default judgment against Defendant in the amount of $8,494.50 itemized as follows: $2,000.00 in statutory damages pursuant to 15 U.S.C. § 1692(k)(a)(2)(A) and Cal. Civ. Code § 1788.30(b); $6,109.50 in attorneys' fees; and $385.00 in filing and service of process costs. As discussed below, the *Eitel* factors support granting default judgment against Defendant in the amount of $8,494.50.

## II.     PLAINTIFF' COMPLAINT STATES A VIABLE AND STRONG CLAIM FOR RELIEF

Federal Rule of Civil Procedure 55 authorizes courts to enter a default judgment as to any party that "fail[s] to plead or otherwise defend." Fed.R.Civ.P. 55(a)-(b)(2).  Rule 55 applies to parties against who affirmative relief is sought who fail to "plead or otherwise defend." Fed.R.Civ.P. 55(a).  It is well settled that "[t]he district court's decision whether to enter a default judgment is a discretionary one.  After the Clerk enters a party's default under Fed. R. Civ. P. 55(a), the Court may enter a default judgment against the party. *Starcom Mediavest Group, Inc. v. Mediavestw.com*, 2011 WL 332831 (N.D. Cal. Jan. 31, 2011) (internal citations omitted). "A failure to make a timely answer to a properly served complaint will justify the entry of a default judgment." *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir.1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Tele Video Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir.1987).

Under § 1692e(10) of the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  15 U.S.C. §§ 1692e, 1692e(10).  Under § 1692e(11) of the FDCPA, a debt collector must disclose that the call was from a debt collector. 15 U.S.C. §

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1  1692e(11).  The facts in Plaintiff's Complaint demonstrate that Defendant violated the FDCPA

2  and therefore provide a basis for default judgment to be entered.

3      The *Eitel* factors support granting default judgment against Defendant. The first two

4  *Eitel* factors require Plaintiff's Complaint to sufficiently state a claim for relief.  *PepsiCo, Inc. v.*

5  *Cal Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).  Once the clerk enters default,

6  Plaintiff's factual allegations are taken as true.  *Televideo Sys., Inc. v. Heidenthal,* 826 F.2d 915,

7  917-918 (9th Cir. 1987).  In his Complaint, Plaintiff alleges:  (1) Defendant placed telephone

8  calls to Plaintiff in connection with its attempts to collect a debt; (2) Defendant placed collection

9  calls to Plaintiff's telephone number at XXX-XXX-1673; (3) the alleged debt arose from

10  transactions for personal, family and household purposes; (4) Defendant assigned reference

11  number 6519103 to the alleged debt; (5) when Plaintiff was unable to answer Defendant's calls,

12  Defendant left a voicemail message; (6) in or around March 2012, Defendant called Plaintiff and

13  left a voicemail message for Plaintiff in an attempt to collect the alleged debt; (7) Defendant's

14  representative identified herself as "Ms. Wheeler" and that she was calling from Simm

15  Associates; (8) Defendant also provided a reference number 6519103 and directed Plaintiff to

16  call back at 800-651-9054, a number that belongs to Defendant; (9) Defendant failed to state

17  that it was a debt collector; and (10) Defendant failed to provide Plaintiff with any information

18  that the call was regarding a debt.  The facts in Plaintiff's Complaint demonstrate that Defendant

19  violated the FDCPA and therefore provide a basis for default judgment to be entered.

20  **III.  PLAINTIFF'S REQUEST FOR MONETARY JUDGMENT IS REASONABLE**

21      Plaintiff seeks default judgment against Defendant in the amount of $8,494.50, itemized

22  as follows: $2,000.00 in statutory damages pursuant to 15 U.S.C. § 1692(k)(a)(2)(A), Cal. Civ.

23  Code § 1788.30(b); $6,494.50 in attorneys' fees and costs pursuant to 15 U.S.C. § 1692(k)(a)(3)

24  and Cal Civ. Code § 1788.30(c).   The FDCPA allows "in the case of any action by an

25  individual, such additional damages as the court may allow, but not exceeding $1,000."   15

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1   U.S.C. § 1692k(2)(A).  Further, the RFDCPA allows "additional liability therein to that debtor

2   shall be for a penalty in such amount as the court may allow, which shall not be less than one

3   hundred dollars ($100) nor greater than one thousand dollars ($1,000)."   Cal Civ. Code §

4   1788.30(b).   Therefore, an award of $2,000.00 to Plaintiff in this case is permissible and

5   appropriate based on the factual allegations in Plaintiff's Complaint.

6   **IV.     DEFAULT JUDGMENT SHOULD ENTERED AGAINST DEFENDANT**

7   The FDCPA allows "in the case of any action by an individual, such additional damages

8   as the court may allow, but not exceeding $1,000.00" 15 U.S.C. § 1692k(2)(A).   Plaintiff

9   respectfully submits that he is entitled to relief because his claims are well-pled and establish

10  Defendant's violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et*

11  *seq*.  First, Plaintiff notes that proof **of only one violation** is sufficient to support judgment for

12  Plaintiff.   *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60 (2nd Cir. 1993). In

13  determining the amount of liability in an individual action under the FDCPA, the court may look

14  to, among other relevant factors, the frequency and persistence of noncompliance by the debt

15  collector, the nature of such noncompliance, and the extent to which such noncompliance was

16  intentional.  15 U.S.C. § 1692k(b)(2).

17  Defendant's conduct was in clear violation of § 1692e(10) of the FDCPA because a debt

18  collector may not use any false, deceptive, or misleading representation or means in connection

19  with the collection of any debt, including the use of any false representation or deceptive means

20  to collect or attempt to collect any debt or to obtain information concerning a consumer.  15

21  U.S.C. §§ 1692e, 1692e(10).  Defendant's conduct was also in clear violation of § 1692e(11)

22  requiring debt collectors to disclose that they are calling to collect a debt. 15 U.S.C. §

23  1692e(11).  Finally, Defendant's conduct was intentional, as there is nothing to suggest that

24  Defendant's behavior in leaving the subjection voice message during its collection calls to

25  Plaintiff was unintentional or the result of a mistake.

1
2
3

Plaintiff has attached FDCPA cases throughout the country where Federal District Courts have granted default judgments against defendants and awarded plaintiffs statutory damages and attorneys' fees and costs. These cases are briefly outlined below:

4
5
6
7
8
9
10

*Vaughn v. Robert James & Associates*, **4:11-cv-01819 (December 9, 2011).** The plaintiff's complaint alleged that Defendant violated §§ 1692d and 1692d(5) of the FDCPA. Judge Nancy Atlas, in the Southern District of Texas, entered default judgment against the defendant and awarded the plaintiff the maximum statutory damages and the plaintiff's full amount of attorneys' fees and costs. That is, the plaintiff received $1,000.00 in statutory damages, $4,093.00 in attorneys' fees, plus $410.00 in costs, for total judgment of $5,093.00. *See* Final Order of Judgment attached as Exhibit C.

11
12
13
14
15
16
17

*Rivera, v. National Check Processing*, **5:10-cv-00605-XR (March 17, 2011).** The plaintiff's complaint alleged that the defendant violated §§ 1692e(5) and 1692e(7) of the FDCPA. Judge Xavier Rodriguez, in the Western District of Texas, entered default judgment against the defendant and awarded the plaintiff the maximum statutory damages and the plaintiff's full amount of attorneys' fees and costs. That is, the plaintiff received $1,000.00 in statutory damages, $3,667.50 in attorneys' fees, and $910.00 in costs, for a total judgment of $5,577.50. *See* Order attached as Exhibit D.

18
19
20
21
22
23
24
25

*Sampson v. Brewer, Michael & Kane, LLC*, **6:09-CV-2114-Orl-31DAB (May 26, 2010).** The plaintiff's complaint alleged that Defendant violated §§ 1692d(5) and 1692e(5), among others, of the FDCPA. Judge David A. Baker, in the Middle District of Florida, entered a Report and Recommendation, adopted by the District Judge, entering default judgment against the defendant and awarding the plaintiff the maximum statutory damages and the plaintiff's full amount of attorneys' fees and costs. That is, the plaintiff received $1,000.00 in statutory damages, $2,415.00 in attorneys' fees, and $411.61 in costs, for a total judgment of $3,826.61. *See* Report and Recommendation attached as Exhibit E.

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1    ***Gilmore v. A&S Collection Associates, Inc.,*** **2:09-CV-04005-GAF-(JCx) (Jan. 29,**

2    **2010).** The plaintiff's complaint alleged that the defendant violated § 1692e(5) of the FDCPA

3    and § 1788.10(e) of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et*

4    *seq.*  Judge Gary Allen Fees, in the Central District of California, entered default judgment

5    against the defendant and awarded the plaintiff the maximum statutory damages and the

6    plaintiff's full amount of attorneys' fees and costs.  That is, the plaintiff received $2,000.00 in

7    statutory damages, $2,678.20 in attorneys' fees, and $350.00 in costs, for a total judgment of

8    $5,028.20.  *See* Memorandum and Order Regarding Plaintiff's Motion for Default Judgment

9    attached as Exhibit F.

10   ***McDonald v. Cred X Debt Recovery, LLC,*** **2:09-cv-01913-ROS (Nov. 17, 2010).**  The

11   plaintiff's complaint alleged that the defendant violated multiple sections of the FDCPA.  Judge

12   Roslyn O. Silver, in the District of Arizona, entered default judgment against the defendant and

13   awarded the plaintiff the maximum statutory damages and the plaintiff's full amount of

14   attorneys' fees and costs.   That is, the plaintiff received $1,000.00 in statutory damages,

15   $2,901.50 in attorneys' fees, and $451.61 in costs, for a total judgment of $4,353.11.   *See*

16   Default Judgment Order attached as Exhibit G.

17   ***Budd v. SRS & Associates,*** **10-1770-GEB-KJM (Nov. 9, 2010).**   The plaintiff's

18   complaint alleged that the defendant violated multiple sections of the FDCPA and the RFDCPA.

19   Judge Kimberly J. Mueller, in the Eastern District of California, entered Findings and

20   Recommendations, adopted by the Court, entering default judgment against the defendant and

21   awarding Plaintiff the maximum statutory damages and Plaintiff's full amount of attorneys' fees

22   and costs.  That is, the plaintiff received $2,000.00 in statutory damages, 2,718.50 in attorneys'

23   fees,   and   410.00   in   costs,   for   a   total   judgment   of   $5,128.50.    *See*   Findings   and

24   Recommendations attached as Exhibit H.

25   ///

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1     ***Edwards v. Midpoint Resolutions Group*, 09-3007-GAF (VBKx) (Nov. 24, 2009).**  The

2     plaintiff's complaint alleged that the defendant violated multiple sections of the FDCPA and the

3     RFDCPA.  Judge Gary Allen Fees, in Central District of California, entered default judgment

4     against the defendant and awarded the plaintiff the maximum statutory damages and the

5     plaintiff's full amount of attorneys' fees and costs.  That is, the plaintiff received $2,000.00 in

6     statutory damages, 2,599.30 in attorneys' fees, and 410.00 in costs, for a total judgment of

7     $5,009.30.  *See* Memorandum and Order Regarding Plaintiff's Motion for Entry of Default

8     Judgment against Defendant attached as Exhibit I.

9     ***Middlesworth v. Oaktree Collections, Inc*., 1:09-CV-601-SMS (November 3, 2009).**

10    The plaintiff's amended complaint alleged that the defendant violated multiple sections of the

11    FDCPA.   Judge Oliver W. Wanger, in the Eastern District of California, entered default

12    judgment against the defendant and awarded Plaintiff the maximum statutory damages and the

13    plaintiff's full amount of attorneys' fees and costs.  That is, the plaintiff received $1,000.00 in

14    statutory damages, $3,114.90 in attorneys' fees, and $485.68 in costs, for a total judgment of

15    $4,600.58.   *See* Memorandum Decision and Order Re Application for Default Judgment

16    attached as Exhibit J.

17    ***Harris v. Becks Creek Industries, Inc.*, 08-cv-01253-CJC-RNB (October 21, 2009).**

18    The plaintiff's complaint alleged that the defendant violated multiple sections of the FDCPA

19    and the RFDCPA.  Judge Cormac J. Carney, in the Central District of California, entered default

20    judgment against the defendant and awarded the plaintiff the maximum statutory damages and

21    the plaintiff's full amount of attorneys' fees and costs.  That is, the plaintiff received $2,000.00

22    in statutory damages, $5,917.10 in attorneys' fees, and $553.00 in costs, for a total judgment of

23    $8,470.60. *See* Order Granting Plaintiff's Motion for Attorneys' Fees attached as Exhibit K.

24    ***Karambiri v. Maximum Recovery Solutions, Inc*., 09-918-PHX-NVW (Sept. 16, 2009).**

25    The plaintiff's complaint alleged that the defendant violated multiple sections of the FDCPA,

1   including *§1692d(5) and §1692e(5)*.  Judge Neil V. Wake, in the District of Arizona, entered

2   default judgment against the defendant and awarded the plaintiff the maximum statutory

3   damages and the plaintiff's full amount of attorneys' fees and costs.  That is, the plaintiff

4   received $1,000.00 in statutory damages, $2,847.90 in attorneys' fees, and $350.00 in costs, for

5   a total judgment of $4,197.90.  *See* Order attached as Exhibit L.

6          In the instant case, Plaintiff has alleged violations of FDCPA §§ 1692e(10) and

7   1692e(11).  As discussed *supra*, the merits of Plaintiff's claims are based on the facts set forth in

8   the plaintiff's Complaint, specifying the nature of Defendant's contacts with Plaintiff in its

9   unlawful attempts to collect an alleged debt.  As all facts must be deemed admitted, an award of

10  $2,000.00 to Plaintiff in this case is permissible and appropriate based upon the factual

11  allegations in Plaintiff's Complaint.

12

13  **V.      PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEYS' FEES PURSUANT
            TO THE FDCPA**

14         Plaintiff requests this Honorable Court to award Plaintiff his attorneys' fees and costs

15  incurred in prosecuting this instant case.  Plaintiff is entitled to attorneys' fees in the amount of

16  $6,494.50, based on the reasons set forth below.

17         The specific statutory language of the FDCPA, and the public policy considerations in

18  support of this Act, entitle Plaintiff to recover attorneys' fees and costs:

19              [A]ny debt collector who fails to comply with any provision of this
                subchapter with respect to any person is liable . . . in the case of
20              any successful action to enforce the foregoing liability, the costs of
                the action, together with a reasonable attorney's fee as determined
21              by the court.

22  15 U.S.C. §1692k(a).

23         Pursuant to this specific language, the Federal courts have long recognized the

24  importance of the fee-shifting provision of the FDCPA, as well as the public policies behind it.

25

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1    In *Tolentino v. Friedman*, (7th Cir. 1995) the court affirmed that a separate award for costs and

2    fees is mandatory.

3              Given the structure of the section, attorneys' fees should not be
              construed as a special or discretionary remedy; rather, the act
4              mandates an award of attorneys' fees as a means of fulfilling
              Congress's intent that the Act should be enforced by debtors acting
5              as private attorneys general.

6    *Tolentino v. Friedman*, 46 F.3d 645, 651-652 (7th Cir.1995).   Plaintiff's entitlement to her

7    reasonable fees and costs has been reaffirmed by the Ninth Circuit Court of Appeals, where the

8    Ninth Circuit once again ordered that the determination of fees and costs is mandatory by the

9    district courts.   "The FDCPA's statutory language makes an award of fees mandatory.   The

10   reason for mandatory fees is that Congress chose a 'private attorney general' approach to

11   assume enforcement of the FDCPA." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978

12   (9th Cir. 2008);   *see also Graziano v. Harrison*, 950 F.2d 107 (3d Cir.1991) (noting that the

13   FDCPA mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the

14   Act should be enforced by debtors acting as private attorneys general).

15        The *Tolentino* Court also noted Congress's specific intent to allow an individual plaintiff

16   the ability to pursue an action where the burden of fees and costs would otherwise economically

17   preclude this type of rights enforcement. *Tolentino* at 652 *citing City of Riverside v. Rivera*, 477

18   U.S. 561 (1986)).   "Unlike most private tort litigants, a plaintiff who brings an FDCPA action

19   seeks to vindicate important rights that cannot be valued solely in monetary terms and congress

20   has determined that the public as a whole has an interest in the vindication of the statutory

21   rights." *Id.*   The court held similarly in *Camacho* when it rejected the District Court's "flat-fee"

22   approach, and in its remand for further findings directed that "[T]he amount of [attorneys' fees]

23   must be determined on the facts of each case." *Camacho* at 978.   The FDCPA mandates that the

24   recovery of Plaintiff's attorneys' fees and costs is integral to the success of the policy goals of

25

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1  the FDCPA.   Therefore, Plaintiff should be awarded reasonable attorneys' fees and costs as

2  determined by this Honorable Court.

3

4  **VI.  PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS BECAUSE PLAINTIFF IS THE PREVAILING PARTY IN THIS ACTION**

5      "[I]n order to encourage private enforcement of the law … Congress legislated that in

6  certain cases prevailing parties shall recover their attorneys' fees from the opposing side.  When

7  a statute provides for such fees, it is termed a 'fee-shifting' statute.  The FDCPA is one such

8  statute, providing that any debt collector who fails to comply with its provisions is liable in the

9  case of any successful action ... [for] the costs of the action, together with a reasonable

10  attorneys' fee as determined by the Court."  *Camacho* at 978 *citing Staton v. Boeing Co.*, 327

11  F.3d 938 (9th Cir.2003) and 15 U.S.C. § 1692k(a)(3).

12      In support of this Congressional mandate, federal appellate courts have long upheld a

13  plaintiff's recovery of attorneys' fees and costs after the entry of judgment in plaintiff's favor.

14  *See*, e.g., *Webb v. James*, 147 F.3d 617 (7th Cir. 1998) (awarding attorneys' fees under the

15  underlying statute after plaintiff accepted defendant's Federal Rule 68 Offer of Judgment) and

16  *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830 (9th Cir. 1997) (same).

17

18  **VII.  PUBLIC POLICY SUPPORTS AN AWARD OF ATTORNEYS' FEES AND COSTS.**

19  "The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors, to

20  insure those debt collectors who refrain from using abusive debt collection practices are not

21  competitively disadvantaged, and to promote consistent State action to protect consumers

22  against debt collection abuses.  Congress found such abuses by debt collectors to be serious and

23  widespread."  *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 653 (S.D.N.Y. 2006)

24  *citing* 15 U.S.C. § 1692(e) and *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.1996).  The fee-

25  shifting provision contained in the FDCPA, therefore, enables consumers to vindicate their

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1    personal rights, while benefiting society in general, resulting in greater deterrence of fraudulent

2    and deceptive business practices.

3           Further, the difficulty in private attorneys general actions, such as the FDCPA and

4    similar state enacted statutes, is that the potential for recovery is not clear at the time the

5    litigation is commenced unlike in personal injury actions. *See Bowers v. Transamerica Title*

6    *Insurance Company*, 675 P.2d 193, 204 (Wash. 1983). Additionally, the amount in controversy

7    is usually too small to induce an attorney to commence litigation on a percentage contingency.

8    Accordingly, "the purpose of the statutory fee award is to benefit the plaintiff by allowing the

9    plaintiff to obtain counsel in order to pursue redress for relatively small claims." *Majcher v.*

10   *Laurel Motors, Inc*., 287 Ill.App.3d 719, 680 N.E.2d 416 (Ill. Ct. App. 1997); *see also Ford*

11   *Motor Co. v. Mayes*, 575 S.W.2d 480, 488 (Ky. Ct. App. 1978). By providing the private bar

12   with incentive to involve itself in consumer litigation through fee-shifting, the government is

13   relieved of the costs of protecting consumers while insuring that consumers may still avail

14   themselves of their statutory rights.

15          Without a sufficient award of attorney's fees and costs, an entry of judgment for the

16   consumer would simply not make the consumer whole as the average consumer would simply

17   be unable to pay his attorney's fees. This result would create a deterrent for the private bar to

18   pursue an action for which Congress has so emphatically dictated the importance. This sort of

19   "chilling effect" would counter the purpose of the statute, which, when coupled with the

20   provision awarding attorney's fees, "is to encourage consumers to file actions to vindicate their

21   rights." *Grove v. Huffman*, 262 Ill. App.3d 531, 539, 634 N.E. 2d 1184, 1190 (Ill. Ct. App.

22   1994). The attorney's fees provision is in place to remove the difficulty of obtaining counsel in

23   pursuing claims which are relatively small compared to potential legal costs. *See id.* at 539. As

24   a result, public policy dictates that Plaintiff's attorney's fees and costs should be paid by

25   Defendant.

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1

2

3

**VIII. IN CONSUMER PROTECTION ACTIONS IT IS <u>NOT</u> APPROPRIATE TO ASSESS A FEE AWARD BASED UPON THE PROPORTIONALITY OF THE ATTORNEY'S FEES EXPENDED TO THE AMOUNT OF PLAINTIFF'S RECOVERY**

4

5

6

7

8

9

10

11

12

Courts throughout the nation have recognized that in consumer actions, it is not appropriate to calculate an attorney's fee award based upon the amount recovered by the plaintiff.  The fact that the amount recovered by the plaintiff may be disproportionate to the amount of attorney's fees sought does not make the fees expended unreasonable.  As such, the fees awarded should not be reduced to maintain some ratio between the attorney's fees and underlying compensatory damages.  *See Bryant v. TRW*, 689 F.2d 72 (6th Cir. 1982); *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1041-42 (3d Cir. 1996);  *Jones v. Credit Bureau of Greater Garden City*, 1989 WL 134945 (D. Kan. 1989);  and *Northrup v. Hoffman of Simsbury, Inc.*, 2000 WL 436612 (D. Conn. 2000).[1]

13

14

**IX. THE RATES SOUGHT BY PLAINTIFF' ATTORNEYS ARE REASONABLE AND COMMENSURATE WITH THEIR EXPERIENCE IN THE FIELD OF CONSUMER PROTECTION.**

15

16

17

18

Plaintiff seeks an award of attorneys' fees in the amount of $6,109.50 and costs in the amount of $385.00, comprised of 22.2 hours of attorney and paralegal time at hourly rates ranging from $140.00 per hour to $285.00 per hour.  *See* Statement of Services attached as Exhibit A.  Specifically, Plaintiff seek to recover attorney's fees for Douglas Baek at a rate of

19

---

20

21

22

23

24

25

[1] *See also Goins v. JBC & Associates, P.C.,* 2006 WL 540332, at *3 (D. Conn. Mar. 6, 2006) (FDCPA plaintiff's counsel awarded $23,421.00 in fees and $895.19 in costs where underlying matter was settled for $1,500); *Dechert ex rel. Estate of Oyler v. The Cadle Co.*, 2004 WL 2999112 (S.D. Ind. Nov. 10, 2004) (FDCPA plaintiff awarded $54,391 in fees on a $1,000 statutory recovery); *Gradisher v. Check Enforcement Unit*, 2003 WL 187416 (W.D. Mich. Jan. 22, 2003) (attorney's fees award of $69,872.00 where plaintiff recovered FDCPA statutory damages of $1,000); *Armstrong v. Rose Law Firm, P.A.*, 2002 WL 31050583 (D. Minn. Sept. 5, 2002) (attorney's fee award of $43,180.00 where plaintiff recovered the maximum FDCPA statutory damages of $1,000); *Minnick v. Dollar Financial Group, Inc.*, Civ. No. 02-1291, 2002 WL 1023101, 52 Fed. R. Serv.3d 1347 (E.D. Pa. May 20, 2002) (consumer-plaintiff in FDCPA action awarded $7,208.50 in fees and costs after accepting $2,000 offer of judgment); and *Norton v. Wilshire Credit Corp.*, 36 F.Supp. 2d 216 (D.N.J. 1999) (court awarded $57,000 in fees for $5,800 award to plaintiff in FDCPA action).

- 14 -

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

$285.00 per hour for 12.8 hours; attorney's fees for Jessica Pascale at a rate of $285.00 per hour for 4.3 hours; attorney's fees for Mahadhi Corzano at a rate of $285.00 for 3.6 hours; and fees for work by paralegals at $140.00 per hour for 1.5 hours.   The hourly rates of Plaintiff's attorneys delineated in Plaintiff' Statement of Services are commensurate with the experience and training of each employee at Krohn & Moss, Ltd.   These rates are also supported by the 2012-2013 Consumer Law Attorney Fee Survey and the United States Attorney's Office's "Laffey Matrix."

### A.   The experience of the attorneys at Krohn & Moss provides support for the hourly rates requested.

The experience of the attorneys that worked on behalf of Plaintiff is detailed in the declaration of Plaintiff's attorney, Douglas Baek. *See* Statement of Services attached as Exhibit A and Declaration of Douglas Baek attached as Exhibit B.

### B.   The rates sought by Krohn & Moss are reasonable as evidenced by the 2010-2011 Consumer Law Attorney Fee Survey

The 2011 United States Consumer Law Attorney Fee Survey surveyed consumer advocates across the country to determine the rates charged by attorneys practicing in the area of consumer protection by an "attorney's years in practice, location of practice, and size of firm." *See* 2011 United States Consumer Law Attorney Fee Survey, attached as Exhibit C.   The attached survey supports the billing rates requested as the average billing rate data in the survey, grouped by both region and years in practice, is consistent with those rates.   For example, on page twelve (12) is shown the average billing rate for firms with more than five (5) attorneys in California, where the average regional billing rate is $453.00 per hour.   Further, data collected for the California Region Firms arranged by years in practice without regard to firm size (survey page 19) shows the average rate for attorneys with 16-20 years in practice to be $419.00 per hour, attorneys with 6-10 years in practice to be $387.00 per hour, and attorneys practicing 3-5 years to be $347.00 per hour.   As such, the rates requested by Plaintiff's attorneys are

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1    commensurate with other consumer attorneys' billing rates, indexed by both region and years in

2    practice, and therefore, should be determined by this Court to be reasonable.

3
                C.       **The rates sought by K&M are reasonable as evidenced by the United States**
4                        **Attorney's Office and the "Laffey Matrix."**

5        The attorneys' fees rates requested by Plaintiff, as detailed in Plaintiff's Statement of

6    Services, are commensurate with the prevailing rates for attorneys that practice federal law.  As

7    the case at bar was filed pursuant to a federal remedial statute, the FDCPA, rates charged by

8    other attorneys practicing federal law may be compared to determine an appropriate rate.  *See*

9    *Laffey v. Northwest Airlines, Inc*., 572 F. Supp. 354, 371 (D.D.C. 1983).   In *Laffey*, the court

10   compared rates of attorneys practicing federal claims with fee-shifting provisions to reach a

11   hybrid rate.  *Id*.   The court's analysis in *Laffey* was taken one step further by the Civil Division

12   for the United States Attorney's Office to reflect how rates have changed over the years due to

13   inflation.   In doing so, the United States Attorney's office created the "Laffey Matrix."   As

14   demonstrated by the "Laffey Matrix," the rates sought by Plaintiff's attorneys here are

15   commensurate with recognized rates for attorneys with similar experience.  *See* Laffey Matrix

16   2003-2013 attached hereto as Exhibit N.

17       The "Laffey Matrix," when coupled with the declaration presented by Plaintiff's

18   attorneys at K&M, provides conclusive evidence that the rates sought by Plaintiff' attorneys are

19   reasonable. *See* Exhibits B and N.  The Laffey Matrix clearly illustrates that the rates charged by

20   K&M are commensurate with the rates that could have been charged according to United States

21   Attorney's Office.  *See* Exhibit 16.  Based on the "Laffey Matrix" and the other authority

22   provided to this Honorable Court in Plaintiff's Memorandum of Points and Authorities, the

23   hourly rates sought by Plaintiff' attorneys are reasonable.

24   ///

25   ///

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1

2

## X.  IT IS DEFENDANT'S BURDEN TO ESTABLISH ANY REDUCTION IN ATTORNEYS' FEES

3

4

5

6

7

8

9

10

11

12

13

14

15

It has generally been recognized in fee-shifting statutes that "a party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990) (awarding $5,500,000 in fees on $3 recovery) cited in *Grant v. Martinez*, 973 F.2d  96, 101 (2d Cir. 1992).[2]  *See Laura B. Bartell, Taxation of Costs and  Awards of Expenses in Federal Court*, 101  F.R.D.  553, 560-62 (1984).   The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. *See*, *e.g, United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989); *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (fee opponent must submit evidence); and *Brinker v. Giuffrida*, 798 F.2d 661, 668 (3d Cir. 1986) ("[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant").   Accordingly, unless Defendant is able to meet its burden, this Court should accept Plaintiff's lodestar and award the attorney's fees and costs sought.

16

## XI.  CONCLUSION

17

18

19

20

21

22

23

24

In order for Plaintiff to obtain default judgment against Defendant, Plaintiff must not only satisfy the requirements of FRCP 55(a), but Plaintiff's Complaint must contain uncontested factual allegations which, taken as true, state a viable cause of action.  Here, Plaintiff satisfied the requirements of FRCP 55(a) and demonstrated that Plaintiff's Complaint states a strong showing of relief under the FDCPA.   Furthermore, Plaintiff has satisfied the elements establishing attorneys' fees pursuant to 15 U.S.C. §1692k(a) .   Therefore, this Honorable Court should enter default judgment against Defendant in the amount of eight-thousand four-hundred ninety-four dollars and fifty cents ($8,494.50), representing statutory damages in the amount of

25

[2] The lodestar figure represents reasonable hours times reasonable rate.  *Blanchard v. Bergeron*, 103 L.Ed. 2d 67, 76 (1989) *quoting Pennsylvania v. Delaware Valley  Citizens' Council for Clean Air*, 478 U.S. 546, 656 (1986).

- 17 -

1 two thousand dollars ($2,000.00), one thousand dollars ($1,000.00) pursuant to the Fair Debt

2 Collection Practices Act, 15 U.S.C. § 1692(k)(a)(2)(A), and one thousand dollars ($1,000.00)

3 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b), six-

4 thousand one-hundred nine dollars and fifty cents ($6,109.50) in attorneys' fees plus three

5 hundred eighty-five dollars ($385.00) in costs, 15 U.S.C. § 1692(k)(a)(3) and § 1788.30(c).

6

7 DATED:  March 21, 2013                    RESPECTFULLY SUBMITTED,

8                                                              KROHN & MOSS, LTD.

9

10                                                            By:  /s/ Douglas S. Baek

11                                                            Douglas S. Baek
                                                                    Attorney for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**PROOF OF SERVICE**

I am employed in Los Angeles, California; I am over the age of 18 and am not a party to this action; my business address is 10474 Santa Monica Blvd, Ste. 405, Los Angeles, CA 90025.

On March 21, 2013, I served the following documents: **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

On the people listed below:

Simm Associates, Inc.
800 Pencader Drive
Newark DE 19702

By the following means of service:

[ ]   **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above.  I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X]   **BY MAIL:** I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   **FEDERAL:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on March 21, 2013, at Los Angeles, California.

By: /s/ Douglas Baek

Douglas Baek

- 19 -

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT