**EXHIBIT E**

Case 6:09-cv-02114-GAP-DAB Document 20 Filed 05/26/10 Page 1 of 5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUZANNE SAMPSON,

           Plaintiff,

-vs-                                                Case No. 6:09-cv-2114-Orl-31DAB

BREWER, MICHAELS & KANE, LLC,

           Defendant.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

    This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR DEFAULT JUDGMENT (Doc. No. 15)
>
> **FILED:** April 30, 2010
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Following entry of a clerk's default in this Fair Debt Collection Practices Act ("FDCPA") action, Plaintiff moved for entry of a default judgment against Defendant in the amount of three-thousand, eight-hundred, twenty-six dollars and sixty-one cents ($3,826.61), representing statutory damages in the amount of one-thousand dollars ($1,000.00), 15 U.S.C. § 1692(k)(a)(2)(A), two thousand, four-hundred, fifteen dollars ($2,415.00) in attorney fees plus four-hundred, eleven dollars and sixty-one cents ($411.61) in costs (filing fee and service). 15 U.S.C. § 1692(k)(a)(3). As Plaintiff had demanded a jury in her complaint, the Court set the matter for hearing on whether to waive the jury, and as to the sufficiency of the proof (Doc. No. 17). Plaintiff appeared through counsel at the hearing, and there was no appearance by Defendant and no opposition to the motion

Case 6:09-cv-02114-GAP-DAB   Document 20   Filed 05/26/10   Page 2 of 5

or the evidence. At hearing, Plaintiff waived her jury demand or the need for further evidentiary development of the record. Having been fully advised, the Court **respectfully recommends** that the motion be **granted** and judgment entered in the total amount of $3,826.61.

### STANDARDS OF LAW

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The well pled allegations of the Verified Complaint indicate that Plaintiff is a consumer (Allegation 7) and Defendant is a debt collector, within the meaning of the Act, and sought to collect a consumer debt from her (Allegation 8). Defendant "constantly and continuously places calls to Plaintiff demanding payment for the alleged debt" (Allegation 11) and: 1) threatened to file a lawsuit against Plaintiff if Plaintiff did not pay her alleged debt; 2) calls Plaintiff and fails to disclose the call is from a debt collector; 3) placed telephone calls without meaningful disclosure of the caller's identity; and 4) failed to send Plaintiff a debt validation letter regarding the alleged debt (Allegations 11-16). By virtue of the default, Defendant admits these allegations.

Plaintiff alleges that Defendant violated numerous sections of FDCPA. *See* Complaint, Allegation 17. The applicable provisions prohibit false representations and harassment, for example:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> 5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C.A. § 1692d(5).

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C.A. § 1692e.

Although Plaintiff has alleged several violations of other sections of the Act, as well, proof of only one violation is sufficient to support judgment for plaintiff, *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60 (2d Cir. 1993). Here, as the facts indicate that Defendant violated the above sections of FDCPA, Plaintiff is entitled to judgment in her favor on the claim.

**Damages**

*Statutory Damages*

The FDCPA allows for the recovery of actual damages, and additional or "statutory" damages beyond actual damages in an amount not exceeding $1,000.00. 15 U.S.C. § 1692k(a)(2)(A). Statutory damages are limited to $1,000.00 per action, not per violation. *Harper v. Better Business Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir 1992). Factors to be considered in fixing the amount of statutory

Case 6:09-cv-02114-GAP-DAB Document 20 Filed 05/26/10 Page 4 of 5

damages include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which the noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Although the record here is sparse, in view of the verified allegation that the calls were "constant and continuous," the Court finds an award of $1,000 under the Federal Act to be appropriate.

*Attorney's Fees and Expenses*

A successful plaintiff is entitled to an award of reasonable attorneys' fees under the FDCPA. 15 U.S.C. § 1692k(a)(3); *Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993). Here, counsel has submitted time sheets evidencing two thousand, four-hundred, fifteen dollars ($2,415.00) in attorney fees plus four-hundred, eleven dollars and sixty-one cents ($411.61) in costs (filing fee and service). While the Court would normally perform a lodestar analysis with respect to the hourly rate charged and the time claimed, in view of the failure of Defendant to attend the hearing or otherwise object to the fees and costs claimed, the Court finds Defendant has acquiesced to this amount, and further analysis is unnecessary. The fees and costs should be approved

### CONCLUSION

For the reasons set forth above, it is **respectfully recommended** that the motion be **granted**, and that judgment be entered in Plaintiff's favor in the amount of three-thousand, eight-hundred, twenty-six dollars and sixty-one cents ($3,826.61), representing statutory damages in the amount of one-thousand dollars ($1,000.00), two thousand, four-hundred, fifteen dollars ($2,415.00) in attorney fees plus four-hundred, eleven dollars and sixty-one cents ($411.61) in costs. Should this recommendation be adopted, the Clerk should be directed to enter judgment accordingly and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 26, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy