IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JERRY SMITH,

    Plaintiff,

v.

SIMM ASSOCIATES, INC.,

    Defendant.

NO. C12-4622 TEH

ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT

    This debt collection action is before the Court on Plaintiff's motion for a default judgment, heard on April 29, 2013. Having carefully considered Plaintiff's arguments, the Court now GRANTS the motion in part.

**BACKGROUND**

    Plaintiff filed a complaint in September, 2012, alleging that Defendant Simm Associates placed a debt collection call to Plaintiff's telephone number, left a voicemail message, and failed to disclose that Defendant was calling from a debt collection agency to collect on a debt, in violation of state and federal law. Complaint ¶¶ 21 & 26 (citing 15 U.S.C. § 1692e(11); Cal. Civ. Code § 1788.17).

    Defendant was served with summons and the complaint and failed to respond within the allotted time. The Clerk of Court entered the default on March 6, 2013. Plaintiff seeks a default judgment against Defendant in the amount of $8,494.50, composed of $1,000 in statutory damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(k)(a)(2)(A), $1,000 in statutory damages under the Rosenthal Fair Debt Collection

Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.30(b), $6,109.50 in attorneys' fees, and $385 in costs.

## LEGAL STANDARD

By defaulting, the defendant is deemed to have admitted the well-pleaded factual allegations in the complaint, except those relating to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Once a default has been entered, a court may enter a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The decision whether to grant a default judgment under Rule 55(b) is within the discretion of the court, considering these factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## DISCUSSION

A. Statutory Damages

Statutory damages under the FDCPA are available without proof of actual damages. *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 781 (9th Cir. 1982). Under the FDCPA, a plaintiff may recover statutory damages of up to $1,000, 15 U.S.C. § 1692k(a)(2)(A), and under the RFDCPA, a plaintiff may recover statutory damages for a willful and knowing violation, in an amount of not less than $100 nor greater than $1,000. Cal. Civ. Code § 1788.30(b). Damages may be awarded cumulatively under both statutes. 15 U.S.C. § 1692n; Cal. Civ. Code § 1788.32; *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1066-68 (9th Cir. 2011).

1    In considering an award of statutory damages, the court "shall consider, among other
2 relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the
3 nature of such noncompliance, and the extent to which such noncompliance was intentional."
4 15 U.S.C. § 1692k(b)(1).  Some courts refuse to award any statutory damages where
5 violations are technical or *de minimis*.  *See Lester E. Cox Med. Ctr. v. Huntsman*, 408 F.3d
6 989, 993-94 (8th Cir. 2005).

7    Here, Plaintiff alleges in broad terms that Defendant "places collection calls" to
8 Plaintiff and "leaves a voicemail message," but Plaintiff specifies only one occasion on
9 which this occurred, "in or around March 2012."  Complaint ¶¶ 11-20.  Accepting the
10 accuracy of the call script as provided in the record, the call violated the FDCPA and the
11 RFDCPA by failing to disclose that the caller was a debt collector calling about a debt.  *See*
12 15 U.S.C. § 1692e(11); Cal. Civ. Code § 1788.17.

13    For this violation, Plaintiff requests the maximum award of statutory damages under
14 both state and federal law.  The Court sees nothing in the facts to indicate that this single
15 violation merits a maximum damages award.  On the other hand, the violation is more than
16 technical or *de minimis*.  The script of the call makes it clear that the caller attempted to hide
17 the nature of the call, in an effort to convince the caller to return the call, saying "Hi, Jerry
18 Smith, this is Ms. Wheeler, I'm with the office of Simm Associates.  Please return my call
19 when you get this message.  My number is 1-800-651-9054.  Your reference number is
20 6519103.  Thank you."  Ex. A to Dkt. No. 1.  The call was misleading and deceptive.  Given
21 the single but substantive violation, the Court awards $400 under the FDCPA and $400 under
22 the RFDCPA.

23 <u>Attorneys' Fees and Costs</u>

24    Plaintiff also requests that the Court award fees and costs.  Both the federal and state
25 statutes provide for an award of such fees and costs to a prevailing plaintiff.  15 U.S.C. §
26 1692k(a)(3) (debt collector liable for "the costs of the action, together with a reasonable
27 attorney's fee as determined by the court"); Cal. Civ. Code § 1788.30(c).  "The FDCPA's
28 statutory language makes an award of fees mandatory."  *Camacho v. Bridgeport Fin., Inc.*,

3

523 F.3d 973, 978 (9th Cir. 2008) (citing *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995)).

District courts in the Ninth Circuit employ the lodestar approach to evaluate the reasonableness of a request for attorneys' fees, based on the facts of each case. *Camacho*, 523 F.3d at 978. "The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (internal quotation marks and citation omitted). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.* (internal quotation marks and citation omitted).

In this case, Plaintiff's attorneys have recorded 22 hours, billed at a rate of $285 per hour, plus 1.5 hours of paralegal time, billed at a rate of $140 per hour. The rates are reasonable for this area and community. The Court notes that the overall fee award seems high, but also notes that there were settlement negotiations in this case and that Plaintiff had to reinstate the case after a settlement was reached. The fee award complies with lodestar. Accordingly, the Court approves of the request and awards $6,494.50 in fees and costs.

**CONCLUSION**

For the reasons stated above, Plaintiff's motion for default judgment is GRANTED IN PART. Judgment shall be entered in favor of Plaintiff against Defendant in the amount of $800 in statutory damages and $6,494.50 in fees and costs, for a total of $7,294.50. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 4/29/2013

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT